SMITH v. SCHNEIDER et ux.

(Supreme Court, Appellate Term. June 22, 1903.)

1. STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF ANOTHER—CONSIDERATION
    —CANCELLATION OF LEASE.
    Where tenants agree with a third person, who owns premises leased by the landlord, that, if he will release their landlord, so he can occupy his own premises, in which event he will in turn release them, they will save such third person from loss of rent, their agreement is not within the statute of frauds.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Charles J. Smith against Frederick Schneider and wife. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

M. Strassman, for appellants.
H. S. J. Flynn, for respondent.

PER CURIAM. Justice found for plaintiff. In April, 1902, one Lautenschlager owned No. 168 Avenue A, but was tenant in 164 Avenue A. Defendants, husband and wife, were tenants in No. 168, and wanted to move into No. 167 Avenue A. Their lease of No. 168

ran to May 1, 1903. Lautenschlager's lease of No. 164 ran to February 1, 1903. Plaintiff owned No. 164. Lautenschlager wanted to move into his own place, No. 168. Under these circumstances the parties got together and agreed that plaintiff should release Lautenschlager, who, in turn, should release defendants, but defendants agreed (both of them, as sworn to by plaintiff) that they would make good any loss of rental suffered by plaintiff. The rent was $30 a month. During December, 1902, and January, 1903, the plaintiff got no rent for the said premises, and he sued defendants for $60, and got judgment. The only question is the statute of frauds. Was the agreement between plaintiff and defendants a verbal agreement or promise of defendants to pay the debt of another; i. e., of Lautenschlager? As we have seen, defendants wanted their landlord, Lautenschlager, to release them. He refused unless plaintiff would release him. Plaintiff agreed to do this if defendants would guaranty him against loss, which the defendants did. Defendants got a good consideration for this guaranty. They did not undertake to pay the debt of another, within the meaning of the statute, but contracted, in consideration of their own release by Lautenschlager, that they would save plaintiff harmless if any loss should occur through the release by plaintiff of Lautenschlager.

Judgment affirmed, with costs.